UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60737-GAYLES

IN ADMIRALTY

PALLADIUM TECHNOLOGIES, INC.,
    Plaintiff,
v.

M/Y "AMICA," and AMICA YACHTS
LIMITED,
    Defendants.
and

AMICA YACHTS LIMITED,
    Counterplaintiff,
v.

PALLADIUM TECHNOLOGIES, INC.,
    Counterdefendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff/Counter-Defendant Palladium Technologies, Inc.'s Motion to Dismiss Counts I and V of Defendant's Counterclaim [ECF No. 28]. The Court has carefully reviewed the Motion, the record, and the applicable law. For the reasons discussed below, Palladium's Motion is granted.

**I.    BACKGROUND**

In the Amended Complaint, Plaintiff Palladium Technologies, Inc. ("Palladium") brings claims for payment *in rem* and *in personam* against Defendants M/Y "Amica" ("Vessel") and Amica Yachts Limited ("Amica"). In August 2015, Palladium began providing mechanical services on Amica's Vessel. Palladium was paid 50 percent up front with the balance due upon completion. *See* Am. Compl. Ex. A. After completion of the services, Palladium alleges that it

made repeated demands for the balance due but Amica refused to pay. *See* Am. Compl. ¶ 14. Amica claims that Palladium expressly represented that it possessed the skills to perform the services but was unable to adequately perform. Amica disputes the outstanding balance and the accuracy of Palladium's invoices. Furthermore, Amica's Answer includes five Counterclaims: (1) Fraudulent or Negligent Misrepresentation, (2) Breach of Contract, (3) Breach of Implied Warranty, (4) Negligence, and (5) Wrongful Arrest. [EFC No. 24]. Palladium now moves to dismiss Amica's claims of Fraudulent or Negligent Misrepresentation (Claim I) and Wrongful Arrest (Claim V) for failure to plead with the necessary specificity. [EFC No. 28].

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

2

## III. DISCUSSION

### A. Fraudulent or Negligent Misrepresentation

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see, e.g., Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013). The particularity rule alerts "defendants to the 'precise misconduct with which they are charged' and protect[s] defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). "The application of the rule, however, must not abrogate the concept of notice pleading." *Id*. Rule 9(b) is satisfied if the complaint states:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks*, 116 F.3d at 1371 (internal quotation marks omitted).

Amica alleges that "[i]n the course of negotiations" Palladium made misrepresentations. [EFC No. 24]. Amica does not specify when and precisely what statements were made and thus fails to alert Palladium to the exact fraudulent misconduct it alleges. Even when specific dates are unavailable, courts have required that plaintiffs specify a narrow timeline and provide additional specific allegations to support a claim of fraud. *See Medalie v. FSC Sec. Corp.*, 87 F. Supp. 2d 1295, 1307 (S.D. Fla. 2000) (holding that a six-month time frame was sufficiently narrow because the fraud happened more than ten years prior and plaintiff identified seven transactions, stated the place of contact, and quoted or paraphrased the material representations); *Raimbeault v. Accurate*

*Mach. & Tool, LLC*, No. 14-CIV-20136, 2014 WL 5795187, at *11 (S.D. Fla. Oct. 2, 2014) (holding that a "sufficiently narrow timeline, including specific events, documents and places" provided enough notice to defendants to satisfy the pleading standard).

Additionally, Amica has failed to specifically allege *who* made the misrepresentations. The Complaint alleges that Kevin Bubier negotiated an oral contract for Palladium, but never specifies if he was the one who made the statements. [EFC No. 24]. Nor does Amica quote or paraphrase those representations. Amica's allegations are "too vague and general to meet the requirements of Rule 9(b)"; rather, the Counterclaim states broadly that Palladium "represented" that it possessed the skill to complete the work. *See Curtis Inv. Co., LLC v. Bayerische Hypo-und Vereinsbank, AG*, 341 F. App'x 487, 494 (11th Cir. 2009) (affirming a motion to dismiss where a plaintiff merely alleged that defendants "represented" information "knowing full well" the information was false because the "allegations were too vague and general to meet the requirements of Rule 9(b)"). Amica has failed to plead with specificity the "who, what, when, where, and how of the allegedly false statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Accordingly, Palladium's Motion to Dismiss Amica's Fraudulent or Negligent Misrepresentation claim is granted.

**B. Wrongful arrest**

A claim for wrongful arrest requires an allegation of "bad faith, . . . malice, or . . . a wanton disregard of the legal rights of [an] adversary." *Indus. Mar. Carriers, LLC v. Dantzler, Inc.,* 611 F. App'x 600, 603 (11th Cir. 2015) (quoting *Frontera Fruit Co. v. Dowling*, 91 F.2d 293, 297 (5th Cir. 1937)). The party bringing the wrongful arrest claim has the burden to "show that the arrest was not merely due to negligence but that the action arose from malice, bad faith, or reckless disregard of the other party's legal rights." *Kaloe Shipping Co. v. Goltens Serv. Co.*, 778 F. Supp. 2d 1346, 1356 (S.D. Fla. 2011).

Under Count V, Amica realleges paragraphs 1 through 9 and then alleges that Palladium knew or should have known that there was no support for Palladium's claim against the Vessel. [EFC No. 24]. To survive a Motion to Dismiss, Amica does not need to prove bad faith but needs to be clear as to the "factual content" that will allow "the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Amica needs to specify which factual content relates to this count so that Palladium can effectively respond to each part of the allegation. Count V is dismissed with leave for Amica to amend the Counterclaim.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss [ECF No. 28] is **GRANTED**. Counts I and V of Defendant's Counterclaim is **DISMISSED without prejudice**. Defendant shall amend his Complaint within twenty (20) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of November, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE